**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-2562

_____

MACAULAY WILLIAMS,
Appellant

v.

CHRISTINE WORMUTH,
In her Official Capacity as Secretary of the Department of the Army;
UNITED STATES DEPARTMENT OF THE ARMY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-16-cv-05693)
District Judge: Honorable Peter G. Sheridan

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 26, 2024

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 2, 2024)

_____

OPINION[*]

_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Macaulay Williams appeals the District Court's judgment entered in favor of Appellees. For the reasons that follow, we will affirm the judgment.

The procedural history of this case and the details of Williams's claims are well known to the parties and need not be discussed at length. Briefly, Williams filed a counseled complaint alleging employment discrimination based on race and national origin. He asserted that his supervisor had called him a racial slur and threatened to terminate his employment. Shortly after this meeting, Williams's employment was terminated. After a four-day trial, where Williams proceeded pro se, the jury returned a verdict in favor of Appellees. After the District Court entered judgment in favor of Appellees, Williams filed a notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.

On appeal, Williams first challenges the denials of his motions for sanctions. Before trial, Williams filed a motion alleging that Appellees were committing fraud on the court. He alleged that Appellees had falsified documents regarding which department he was assigned to at the time of his termination. A Magistrate Judge denied the motion without prejudice to the issue's being addressed at a pretrial conference. Counsel later withdrew, and Williams raised the issue again in a pro se motion for sanctions. The Magistrate Judge again denied it, noting that it was untimely, filed in violation of a court order, and that the issues raised therein could be addressed at trial. At a pretrial hearing, the Magistrate Judge noted that Williams could elicit testimony "from the witnesses as to what your role was, and who you were reporting to, and whether or not that means that this individual versus that are the supervisors whose opinions matter." Tr. 9/12/22 at 24.

2

Appellees argue that we cannot review this issue because Williams did not appeal the Magistrate Judge's ruling to the District Court. Williams does not dispute that he did not appeal to the District Court. Rather, he argues that he did not forfeit this issue because the Appellees also presented this false evidence at trial. However, he is challenging the Magistrate Judge's denials of his motions and not any rulings at trial regarding this evidence. We agree that Williams has forfeited his challenge to the Magistrate Judge's denials of his motions and decline to review them. See Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 252 (3d Cir. 1998), as amended (Sept. 8, 1998) (noting that "a party failing to appeal to the district court a magistrate judge's order in a nondispositive matter may not raise an objection to it on appeal to a circuit court"); Fed. R. Civ. P. 72(a) (providing that "[a] party may not assign as error a defect in the [nondispositive Magistrate Judge's] order not timely objected to"). Moreover, Williams had the opportunity at trial to present his own evidence to dispute Appellees' evidence.

Next, Williams argues that his due process rights were violated when the District Court did not allow him to call two witnesses whom he did not identify during discovery. These proposed witnesses were listed on an organizational chart as being supervisors in a department Williams had worked in. This chart was provided to Williams during administrative hearings before the District Court litigation began. The Magistrate Judge noted in the final pretrial order that Williams had not established that these witnesses would give relevant testimony, noting that "[s]omething more than placement on the organizational chart indicating a superior position is required." ECF #127 at 22. Williams appealed this ruling. The District Court decided before trial that Williams

3

could not present these witnesses because they were never identified as witnesses during discovery. ECF #151; Tr. 6/26/23 at 36.

We review the District Court's exclusion of these witnesses for an abuse of discretion. See In re TMI Litig., 193 F.3d 613, 721 (3d Cir. 1999). Williams does not dispute that he did not identify these persons as witnesses until three years after discovery had closed. Pursuant to Fed. R. Civ. P. 37(c)(1), a party is not allowed to use a witness if the party has failed to identify the witness unless the failure was substantially justified or harmless. In explaining why Williams could not call these witnesses, the District Court noted that the evidence was from 2008, the District Court litigation had been ongoing since 2016, and to allow these witnesses would require discovery to be reopened and depositions and interrogatories permitted. The District Court did not abuse its discretion in excluding these witnesses. See id. (describing factors to be considered in evaluating exclusion of evidence pursuant to Rule 37). Nor did their exclusion violate Williams's right to due process. He had notice and an opportunity to name these witnesses in discovery and the opportunity to argue for their inclusion. See Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (fundamental requirements of due process are notice and opportunity to be heard).

Williams also raises two issues regarding jurors. First, he contends that the District Court erred in failing to dismiss a juror for cause during voir dire. This juror indicated that she would tend to believe people in authority, the military, and law enforcement. Williams does not assert that he objected to this juror, asked her questions to explore any bias, or exercised a preemptory strike against her. A challenge to the

4

selection of jurors in a civil case is due within seven days after the party could have discovered the grounds relied upon. See 28 U.S.C. § 1867(c). Williams failed to challenge the selection of this juror in the District Court, and we will not review the District Court's failure to remove her.

Williams also challenges the District Court's dismissal of a juror during the trial. A witness had asked the juror a question about her shoes which the juror appeared to take as a criticism. The juror stated that the comment "made [her] think very negatively about her" and referred to the witness as a "mean old lady." Tr. 6/29/2023 at 345. The District Court excused the juror. A District Court may excuse a juror during a trial for good cause. See Fed. R. Civ. P. 47(c). A District Court's determination of whether a juror can serve impartially is entitled to special deference and will only be reversed for an abuse of discretion. United States v. Salamone, 800 F.2d 1216, 1226-27 (3d Cir. 1986). Given the juror's characterization of the witness as a "mean old lady," the District Court did not abuse its discretion in determining that there was good cause to excuse the juror.

Finally, Williams argues in his brief that Appellee should not have been awarded costs. The Appellee moved for costs in the District Court, and by order entered September 27, 2023, the Clerk of the District Court granted the motion in part and awarded Appellee costs in the amount of $3330.96. Appellees argue that Williams forfeited this issue because he did not appeal the Clerk's order to the District Court. We agree.

For the above reasons, we will affirm the District Court's judgment.

5